IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SOLOMON MONTAGUE,           )
No. 08712-424,              )
                            )
Petitioner,                 )
                            )
    vs.                     )     Case No. 18-cv-138-DRH
                            )
T.G. WERLICH,               )
                            )
Respondent.                 )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG") based on his 5 previous Illinois drug-related convictions. (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

1

corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

**The Petition**

Following a jury trial in the Northern District of Illinois, petitioner was convicted of conspiracy to distribute 50 grams or more of cocaine base, and possession with intent to distribute cocaine base. (Doc. 1, p. 2). On October 8, 1998, he was sentenced to life on the conspiracy count, and to a 30-year concurrent term for possession with intent to distribute. His sentences were enhanced based on his 5 previous Illinois controlled substance convictions. (Doc. 1-1, p. 2).

On direct appeal, petitioner challenged the enhancement of his sentence for possession of a firearm and physical restraint of a victim under USSG § 2D1.1(b)(1) and § 3A1.3, respectively. His conviction and sentences were affirmed on direct appeal. *United States v. Cavender, et al.*, 228 F.3d 792, 801-02, 804 (7th Cir. 2000). His petition under 28 U.S.C. § 2255, based on his trial attorney's allegedly ineffective performance for failing to move to suppress drugs which petitioner claimed were planted on him, was also unsuccessful. *Montagueo[1] v. United States*, 41 F. App'x 899, 899-900 (7th Cir. 2002). In 2008, petitioner sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied. (Doc. 1-1, p. 3). Another § 3582(c)(2) motion was denied in 2013. *Id.*

---

[1] Petitioner's surname is spelled "Montagueo" in the § 2255 action.

Petitioner now claims that under *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), a decision which he could not have invoked in his original § 2255 motion, it was improper to enhance his federal sentence on the basis of his Illinois drug convictions. (Doc. 1-1, pp. 9-31). Petitioner has 5 felony drug convictions, dating from 1989 to 1994. (Doc. 1-2, pp. 2-3). He argues that the statutes under which he was convicted in Illinois (now found at 720 ILCS 570/401 and 720 ILCS 550/5) are broader than the federal generic offense under 21 U.S.C. § 841(a)(1). (Doc. 1-1, p. 10).

The Illinois statute criminalizing possession with intent to deliver provided that it is unlawful "knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance[.]" 720 ILCS 570/401 (1998); (formerly Ill. Rev. Stat. Ch. 56 1/2, para. 1401). (Doc. 1-1 p. 11). Four of petitioner's prior convictions were under that statute. (Doc. 1-2, pp. 2-3). The statute that covers unlawful delivery of cannabis (which petitioner violated in one 1989 conviction) contained similar language: "It is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." 720 ILCS 550/5 (1997); (formerly Ill. Rev. Stat. Ch. 56 1/2, para. 705). (Doc. 1-1, p. 12). Petitioner contrasts these statutes with the federal offense language, which makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a)(1). (Doc. 1-1, pp. 12-13). He argues that the Illinois statutes are indivisible, and define the

essential element of "delivery" broadly enough to include solicitation of unlawful delivery, offering to sell without possession, and to share a controlled substance without an exchange of consideration. (Doc. 1-1, p. 10-31). He concludes that because § 841(a)(1) does not criminalize solicitation of unlawful delivery of a controlled substance, an offer to sell, or sharing a controlled substance, the elements of the Illinois crimes are overly broad and do not match the federal statute. *Id*. On this basis, petitioner seeks to be resentenced without the allegedly improper enhancements.

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of

4

his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

This Court has found that a collateral attack invoking *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three conditions which would allow consideration in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v.*

*Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, the Seventh Circuit on November 8, 2017, issued an opinion squarely rejecting a challenge to the enhancement of a federal sentence that had been based on prior Illinois drug convictions. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Petitioner challenges the *Redden* decision and argues that this Court should not apply it to his case. (Doc. 1-1, pp. 20-27). However, *Redden* is controlling authority in this Circuit, and based on the *Redden* opinion, the instant Petition must be dismissed.

The *Redden* court, referencing the Illinois statute's definitions relating to controlled substance offenses, stated:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden*, 875 F.3d at 374. Petitioner's arguments herein notwithstanding, the Illinois statute does not explicitly contain the element of "offering" a drug for sale, as did the Texas statute that led the *Hinkle* court to invalidate Hinkle's career-offender enhancement. Given the equivalence of "delivery" in Illinois with "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug convictions. *Redden*, 875 F.3d at 374.

Applying the *Redden* court's binding precedent, petitioner's Illinois controlled substance convictions under 720 ILCS 570/401 and 720 ILCS 550/5 were properly used as predicate convictions for his career-offender sentence under the United States Sentencing Guidelines. Petitioner is therefore not entitled to relief in this action.

### Disposition

To summarize, petitioner's claim that his Illinois drug convictions do not qualify as "controlled substance offenses" that would trigger enhanced career-offender sentencing is frivolous under *United States v. Redden*, 875 F.3d at 374. Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e)

motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.13
12:56:53 -05'00'

**United States District Judge**